476 So.2d 1150 (1985)
Darrell J. RICHARD, et al., Plaintiff-Appellee,
v.
WALGREEN'S LOUISIANA COMPANY, et al., Defendants-Appellants.
No. 84-711.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1985.
*1151 John E. Ortego, Abbeville, of Cooper, Ortego & Woodruff, for defendants-appellants.
Daniel K. Rester, Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, FORET and YELVERTON, JJ.
FORET, Judge.
This is a tort suit filed by plaintiff-appellee, Darrell J. Richard, individually, and on behalf of his minor son, Christopher J. Richard, against Walgreen's Louisiana Company, Inc., d/b/a Walgreen's Drug Store, Travelers Insurance Company, and Richard B. Cole. Following trial on the merits, the trial court awarded Darrell J. Richard, individually, an amount of $850.49 for medical expenses, $160 for loss of income, and $4,000 in general damages on behalf of his minor son, Christopher J. Richard. The defendants appealed the trial court's judgment, contending that the special damages were not proved, that the trial court erred in the computation of the damages, and that the $4,000 general damage award for pain and suffering was so excessive as to constitute an abuse of discretion. The sole issue before us on appeal concerns quantum.

FACTS
On October 31, 1982, Christopher J. Richard, a two-year-old child, exhibited symptoms of intestinal disorder. These symptoms (vomiting, diarrhea, and nausea) were attributed to an allergic reaction to an antibiotic given to the child to treat an ear infection. Christopher's mother called the Children's Clinic night emergency number and was told to administer an anti-nausea suppository. The Webcon Anti-Nausea Supprettes (WANS) had been prescribed a year or two earlier by Christopher's pediatrician, Dr. Edgar McCanless.
Richard B. Cole, a pharmacist employed by Walgreen's Louisiana Company (Walgreen's), filled the prescription improperly. The script called for 30 milligrams of pentobarbitol sodium and 25 milligrams of pyrilamine maleate (which is the proper dosage for a child of Christopher's age and size). However, Walgreen's pharmacist filled the prescription with 100 milligrams of pentobarbitol sodium and 50 milligrams of pyrilamine maleate. Liability was stipulated and the case was tried solely on the issue of quantum.
*1152 On October 31, 1982, the WANS suppository was given to Christopher J. Richard. Within three hours, the child was heavily sedated and sleeping soundly. Mrs. Richard testified that she and her husband were unable to wake Christopher in the morning. When finally able to do so, the child had no muscle control and was unable to stand or to speak. Christopher's condition prompted Mrs. Richard to call the Children's Clinic and speak with a physician.
Dr. Edgar McCanless spoke with Mrs. Richard at 9:00 A.M. on November 1, 1982. He advised her that some children have more severe reactions to the WANS than others and that the child should soon return to a normal state. Mrs. Richard phoned Dr. McCanless a couple of hours later stating that the child had not improved. At this time, the pediatrician realized that an overdose was probable and recommended bringing the child in for observation. At 1:00 P.M., November 1, 1982, Dr. McCanless saw Christopher for the first time since the overdose. By this time, the child's condition had greatly improved and continued to do so throughout the course of the day. Because the Richards were able to administer fluids to the child, hospitalization was not necessary.
Dr. McCanless testified at trial that the child did not suffer any permanent damage as a result of the overdose and that he could not be sure of any direct connection between any other problems and the overdose. Therefore, the expert testimony could not support a casual link between the WANS suppositories and Christopher's later symptoms. In fact, Dr. McCanless testified that Christopher's symptoms were a common and frequent result of allergies which many young children have.

QUANTUM
A. Special Damages.
An appellate court should not disturb a finding of fact unless it finds it to be clearly wrong. However, we are convinced that the trial court clearly erred in awarding $850.49 for medical expenses because, by doing so, it supplied facts which were not in the record. The record from the trial court is devoid of any evidence or testimony which would establish, by a preponderance of competent evidence, that the illnesses and medical expenses occurring after November 1, 1982 (the morning after the overdose) were related and/or caused by the overdose of the WANS suppositories. The majority of the medical expenses incurred for Christopher J. Richard subsequent to the overdose arose from the treatment of allergies and complications resulting from those allergies, such as ear infections, colds, and respiratory infections. Dr. McCanless testified that these problems could not be linked to the overdose. Nevertheless, the trial court awarded $850.49 for medical expenses. The plaintiff in a personal injury suit has the burden of adequately proving a causal relation between the accident and the injuries complained of. Polman v. Mohasco Corp., 371 So.2d 838 (La.App. 4 Cir.1978), writ refused, June, 1979 (citation not found). The test for whether or not the plaintiff has adequately provided such a causal relationship is whether the plaintiff demonstrated, through medical testimony, that, more probably than not, the medical treatment was necessitated by the incident complained of. Id. Only $20 of the $850.49 should properly be allowed, as the fee for the office visit of November 1, 1982.
$160 was awarded for lost wages to Mrs. Richard because she missed two days of work while caring for her son, Christopher J. Richard. This amount was properly awarded as a community loss.
B. General Damages.
In our opinion, the trial court clearly abused its discretion in awarding Christopher J. Richard $4,000 for pain and suffering. The highest amount the trial court could have awarded under the facts of this case is $2,000. In Coleman v. Ballanco, 439 So.2d 469 (La.App. 4 Cir.1983), the minor was given the adult dosage of the WANS suppositories and overdosed, with *1153 resulting hospitalization. The plaintiff in that case was awarded $2,000.
Christopher J. Richard was not hospitalized, and the record indicates that he was greatly improved by the afternoon of the day following the overdose.
Appropriate factors to be considered when reviewing an award of damages are the severity and duration of the injuries. Buckley v. Exxon Corp., 399 So.2d 1225 (La.App. 3 Cir.1981). In this case, Christopher's condition as a result of the overdose was not severe enough to require hospitalization, nor did it endure for more than a day and a half. Furthermore, the record reflects that the child slept so soundly that he could not be easily awakened by his parents, indicating that the child was heavily sedated and not likely to be in any pain.
Of course, each injury must be evaluated according to its own peculiar facts and circumstances. Profit v. Linn, 346 So.2d 253 (La.App. 1 Cir.1977). Under these circumstances, it is our opinion that an award of $2,000 for pain and suffering is a just and adequate award, and the most that the trial court could have awarded.
The record indicates that defendants-appellants reimbursed the plaintiff for the $20 office visit to see Dr. McCanless on the day following the overdose. Therefore, the appellants need not pay that sum again.
For the above and foregoing reasons, the judgment of the trial court awarding $850.49 of medical expenses is reversed and set aside. The award of $4,000 in general damages is reduced to $2,000, plus legal interest thereon from date of judicial demand. In all other respects, the judgment of the trial court is affirmed.
All costs of this appeal are assessed onehalf to the plaintiff, and one-half to defendants.
AMENDED IN PART, REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.