YELVERTON, Judge.
In a lawsuit arising from an intersectional collision between two vehicles, a jury found the driver-plaintiff, Diana Duhon, 22% at fault and the defendant, Palmer Savoy, 78% at fault in causing the accident. The trial court at the conclusion of trial on the merits granted a directed verdict in favor of the guest passenger, Winona Du-hon, finding her free of fault. The court also granted a judgment notwithstanding the jury’s 22% apportionment of Diana Du-hon’s fault, and rendered judgment finding Savoy 100% at fault. From the trial court’s judgments granting the directed verdict and the judgment notwithstanding the verdict, the defendants have appealed. We affirm.
THE ACCIDENT
The accident happened on January 9, 1983, a Sunday at noon, at the intersection of General Mouton and Coolidge Boulevard in Lafayette. General Mouton runs east and west, while Coolidge runs north and south. An automobile driven by Dianna Duhon was going east on General Mouton and had the right of way at the intersection. The other automobile, driven by Palmer Savoy, was going north on Coolidge. There was a stop sign on Coolidge for Savoy. Coolidge also had a stop line painted across the boulevard two to four feet from the intersection. The point of impact occurred in the intersection six to eight feet beyond that line.
Dianna Duhon, the driver with the right of way, testified that she was traveling 25 to 30 miles per hour. She did not notice the Savoy vehicle until it entered the intersection. She tried to swerve to the left to avoid the accident. General Mouton, once two laned, at the time of this accident was marked with a turning lane in the center, with the result that the traveling lane was narrow and next to the curb.
Palmer Savoy, the driver of the other car, testified that he stopped his vehicle at the stop sign. As he explained it, he could not see any cars coming because his vision was obstructed first by some bushes and then by a utility pole. He could see 200 to 250 feet at one point (between the bushes and the pole) but saw no vehicles. He “crawled” into the intersection to see if any cars were coming. When the front of his moving car was 24 inches into the intersection his car was struck by the Duhon vehicle. Savoy testified that his car did not hit the Duhon vehicle, it was the Duhon *1316 vehicle that hit him. He never saw the Duhon car before the impact.
David Boudreaux, the investigating police officer, testified that the driver of a car stopped at the stop line would have no problem seeing any traffic coming down General Mouton. Officer Boudreaux further testified that the stop line, where a car can stop and see clear in both directions, afforded a clear view for Savoy. The photographs in evidence, offered by both sides, confirm this. The damage to the Savoy car was across the front. The point of impact on the Duhon car, according to the testimony of Boudreaux and clearly confirmed by the photographs, was the passenger door on the right side.
The photographs of the intersection in evidence reveal that a telephone pole was located at the corner of the intersection and that there were bushes on the corner some eight feet from General Mouton. The photographs demonstrate, however, that there was a gap between the bushes and that pole giving an unobstructed view of General Mouton. If anything obstructed Savoy’s view, it was the utility pole alone.
THE VERDICT AND POST VERDICT RULINGS
Winona Duhon, J.L. Duhon (her husband) and Dianna Duhon (their daughter) filed suit against Palmer Savoy and his liability insurer, Allstate Insurance Company, as well as plaintiffs’ uninsured motorist liability insurer, Government Employees Insurance Company. The petition alleged that the sole cause of the accident was the negligence of Savoy. Savoy and Allstate answered the suit alleging the sole cause was the negligence of Dianna Duhon. Government Employees intervened against Savoy and Allstate as subrogees under their policy to recover all medical expenses paid to Winona and Dianna Duhon. After a two day trial, the trial court granted a directed verdict in favor of Winona Duhon finding her free of fault and subsequently the jury returned a verdict finding Savoy 78% at fault and Dianna Duhon 22% at fault. The jury gave Winona Duhon $30,-000 in damages and Dianna Duhon $2,400 in damages. Plaintiffs filed Motions for Judgment Notwithstanding the Verdict, Additur, and in the alternative a New Trial. The trial judge rendered a Judgment Notwithstanding the Verdict as to liability, increasing Savoy’s negligence to 100%. The Court suggested an additur; when this was rejected, the Motions for New Trial were granted to all plaintiffs as to quantum. The Motions for Additur became moot.
Savoy and Allstate took a suspensive appeal arguing that the trial court erred in granting the directed verdict and in granting the Judgment Notwithstanding the Verdict and the Motion for New Trial. The plaintiffs filed a Motion to Dismiss the appeal arguing that the judgment was a partial unappealable judgment. This court granted the plaintiffs’ motion dismissing the defendants’ appeal from the trial court’s judgment granting a new trial, and denied the motion to dismiss the appeal from the Judgment Notwithstanding the Verdict as to liability.
THE MOTION FOR A DIRECTED VERDICT
A motion for a directed verdict may be granted by the trial judge in a jury case if the facts and inferences are so overwhelmingly in favor of the moving party that the court believes that reasonable men could not arrive at a contrary verdict. Oppenheim v. Murray Henderson Undertaking, 414 So.2d 868 (La.App. 4th Cir.1982).
In the present case the record contains no evidence of fault on the part of Winona Duhon in causing the accident. Winona was merely a passenger in the Duhon vehicle. She remembered nothing about the accident. She remembered only that she and her daughter, the driver, had just left church services moments before the accident. Under the facts of the present case we find that the trial court properly granted the plaintiff’s motion for directed verdict finding her free of fault.
THE JUDGMENT NOTWITHSTANDING THE VERDICT
A Judgment Notwithstanding the Verdict authorized by La.C.C.P. art. 1811 *1317 “should be granted only when the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover.” (citations omitted). Robertson v. Penn, 472 So.2d 927 (La.App. 1st Cir.1985), writ denied 476 So.2d 353 (La.1985).
The relative duties of a driver with the right of way and a driver facing a stop sign are summarized in Clements v. Allstate Ins. Co., 383 So.2d 1375 (La.App. 4th Cir. 1980), writ denied, 385 So.2d 793 (La.1980):
“A motorist on a favored street has the right to assume that any driver approaching the intersection on a less-favored street will yield the right-of-way. This right-of-way driver can indulge in this assumption until he sees, or should have seen, the other car has not yielded. Audubon Insurance Company v. Knoten, 325 So.2d 624 (La.App. 4th Cir.1976). A driver who stops at a stop sign has discharged only part of the duty required of him; he must not proceed until he has made certain it is safe to do so; and this rule is especially applicable and requires a greater degree of care when the intersection he enters is a blind one. Continental Insurance Company v. Dutha, 235 So.2d 182 (La.App. 4th Cir.1970).”
See also Messex v. Louisiana Department of Highways, 302 So.2d 40 (La.App. 3rd Cir.1974).
In our case we find that the evidence points so overwhelmingly in favor of the moving party that reasonable minds could not reach a different conclusion than that Palmer Savoy was solely negligent in causing the accident. Savoy was under a duty not to proceed into the intersection until he made certain it was safe to do so. He breached this duty. Dianna Duhon had a right to assume that Savoy would yield the right of way. When the Savoy vehicle entered the intersection, the Duhon vehicle unsuccessfully tried to avoid the accident by swerving to the left. The evidence is overwhelming that Dianna Duhon was not at fault.
Plaintiffs have also answered this appeal seeking damages for a frivolous appeal under C.C.P. art. 2164.
As this court stated in Bellard v. Safeway Ins. Co., 442 So.2d 1314 (La.App. 3rd Cir.1983):
“Appeals are favored in our law. We are reluctant to impose the penal provisions of LSA-C.C.P. Art. 2164 which provide for the award of damages for frivolous appeal. Such damages will be awarded only when it manifestly appears that the appeal was taken solely for the purpose of delay or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks serious merit. Goad v. May, 376 So.2d 340 (La.App. 3rd Cir.1979).”
In the present case we do not find this appeal to be frivolous. For this reason plaintiffs’ claim for damages is denied.
For these reasons the trial court’s judgment granting the Judgment Notwithstanding the Verdict in favor of the plaintiffs is affirmed, costs of this appeal to be paid by appellants.
AFFIRMED.
DOMENGEAUX, J., dissents in part and assigns reasons.