GUIDRY, Judge.
This case arises out of a single vehicular accident which occurred at approximately 4:40 p.m. on October 2, 1982, on La. Hwy. 353, the Cypress Island Road, near its intersection with La. Hwy. 94, the Breaux Bridge-Lafayette Highway.
At the time of the accident, defendant-appellant, Walter “Dusty” Sherman, was driving a 1969 Chevrolet pickup truck owned by his employer, McBride Builders, Inc. Sherman was not in the course and scope of his employment but was driving *731 the truck with the permission of his employer. The truck was insured by Zurich American Insurance Company (Zurich).
McBride Builders, Inc. and Donald Gau-treaux were dismissed as parties defendant prior to trial. The matter was tried to a jury, with Walter Sherman and Zurich as the only defendants. Prior to submission of the case to the jury, a motion by defendants for a directed verdict on the issue of liability was denied. The jury returned a verdict in favor of defendants and against plaintiff. Judgment was rendered and signed pursuant to the jury verdict on August 12, 1985.
On August 16, 1985, plaintiff filed a motion for a judgment notwithstanding the verdict, for additur and/or new trial. On February 28, 1986, the court signed an order granting plaintiff a judgment notwithstanding the verdict on the issue of liability and ordered a new trial on the issue of damages. In the alternative, and in the event that the judgment notwithstanding the verdict was vacated or reversed on appeal, the trial court ordered a new trial on all of the issues.
Defendants timely appealed urging the following errors:
1. The trial court committed manifest error in rendering a judgment notwithstanding the verdict finding defendant, Walter D. Sherman, guilty of negligence on grounds which were not encompassed within plaintiffs pleadings.
2. The trial court committed manifest error in denying defendants’ motion for a directed verdict.
3. The trial court committed manifest error in granting plaintiffs motion for judgment notwithstanding the verdict, ordering a new trial on the issue of damages and conditionally granting a new trial as to all issues.
4. In the alternative and in the event that this Honorable Court fails to reverse the granting by the trial court of the judgment notwithstanding the verdict, the trial court committed manifest error in ordering a new trial on the issue of damages alone.
FACTS
On Saturday, October 2,1982, at approximately 10:00 a.m., Sherman left Lafayette for Bayou Benoit, near St. Martinville, Louisiana, driving his employer’s pickup truck. Linda Jordan Bourque and the plaintiff-ap-pellee, Denis Pellegran, were passengers in the cab of the truck. Mrs. Bourque’s two children, Donald Jordan, age 14 years, and Penny Jordan, age 12 years, were passengers in the bed of the truck. The group proceeded to Bayou Benoit where they remained for several hours. During their stay, several alcoholic drinks were consumed by Sherman. He, however, was not obviously intoxicated upon leaving Bayou Benoit. The group then proceeded to St. Martinville where they stopped at a restaurant for sandwiches and soft drinks which they took with them in the truck.
The group left St. Martinville and headed towards Lafayette via La. Hwy. 353, the Cypress Island Road. At this time, the children, Donald and Penny Jordan, were still riding in the bed of the truck. After departing St. Martinville, it began to rain so the children were brought into the cab, making a total of five persons inside the cab of the truck. Walter Sherman was driving; Linda Jordan Bourque was seated to his immediate right; Denis Pellegran was seated to the right of Linda Bourque with Penny Jordan seated oh his lap; and, Donald Jordan was seated to the right of Denis Pellegran, adjacent to the right door.
As the truck, which was proceeding north along La. Hwy. 353 (Cypress Island Road), approached La. Hwy. 94 (Breaux Bridge Hwy.), Sherman applied his brakes to avoid striking a preceding vehicle which was either stopped or stopping at the intersection. When defendant applied the brakes, the vehicle began to slide, Sherman apparently lost control, and the truck ultimately overturned in the ditch on the right side of the highway, coming to rest at a point in close proximity to the stop sign at the intersection.
When the accident happened, it was raining moderately and visibility was good. At the point where the accident occurred, the Cypress Island Road is a two-lane blacktop *732 road which is straight and level for a distance of approximately 1,000 feet before reaching its intersection with the Breaux Bridge Highway. Just prior to the accident, Sherman was following other traffic on the highway. At the time of the accident, all of the occupants of the truck were eating hamburgers and drinking soft drinks. From his vantage point, in the cab of the truck, Pellegran could not see what transpired and knew nothing of the accident other than the fact that it occurred.
Immediately after the accident, Sherman left the scene and went to a nearby residence to call an ambulance. From there he traveled a substantial distance on foot to a business establishment known as JJ.’s Lounge, where he was later arrested. At the time of his arrest, Sherman was in an emotional and apparently intoxicated state. He refused to take either a field sobriety test or a chemical test for intoxication.
Denis Pellegran was rendered unconscious in the accident and was taken by ambulance to University Medical Center where he was examined, treated and released to continue treatment on an outpatient basis.
In defendants’ first assignment of error, they complain that the trial court found Sherman “guilty of negligence on grounds which were not encompassed within plaintiff’s pleadings”. In granting plaintiff’s motion for a judgment notwithstanding the verdict on the question of liability, the trial judge stated:
“As to the liability, the record reflects that the defendant, Walter Sherman, testified that the truck was equipped with regular road tires on the front and mud-grip tires on the rear. He also testified that he had driven the truck before and was aware that on wet pavement the pickup truck did not have good traction. Further, there was no testimony to the effect that the defendant ever informed the plaintiff, a guest passenger, of this difficulty with the truck’s traction on wet pavement. There was also testimony indicating that the pavement was in fact wet at the time of the accident. All of the above testimony was uncontradicted. Additionally, no evidence was presented to establish that the plaintiff was in any way contributorilly negligent.
Based on this uncontradicted testimony it is found that the defendant Walter Sherman was negligent, either in operating a pickup truck that he knew was unsafe, in not warning the plaintif of this potential danger presented by the truck’s tendency to skid on wet pavement, or in failing to. operate the pickup truck in a reasonably safe manner, given the wet road conditions and the tendency of the truck to skid.
Further, this Court finds that there is no genuine issue of fact, and that reasonable minds could not arrive at a contrary finding on this issue.” (Emphasis ours).
Paragraph six of plaintiff’s original petition alleges six separate acts of negligence relative to the conduct of defendant, Sherman, any one or any combination of which could have caused the accident:
1. In traveling at an excessive rate of speed under the circumstances, in complete disregard of the safety of his passengers;
2. In operating the motor vehicle in a reckless, careless manner, in complete disregard of the safety of the passengers;
3. In failing to keep his vehicle under proper control;
4. In failing to keep a proper lookout ahead;
5. In failing to see what he should have seen and could have seen had he exercised due caution under the circumstances; and,
6. In failing to do what he should have done or could have done in order to avoid the accident.
We find the pleadings sufficient to support the trial court’s findings of negligence on the part of defendants and this assignment of error to be without merit.
Appellants’ second and third assignments of error concern whether the trial court *733 clearly erred in granting plaintiffs motion for judgment notwithstanding the verdict.[1]
It is well settled that a judgment notwithstanding the verdict is appropriate only where the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict. La.C.C.P. art. 1811; Rougeau v. Commercial Union Ins. Co., 432 So.2d 1162 (La.App. 3rd Cir.1983); Duhon v. Allstate Ins. Co., 488 So.2d 1314 (La.App. 3rd Cir.1986), writ denied, 494 So.2d 328 (La.1986). Therefore, we have examined the record in light of this principle to determine whether the trial judge’s conclusions on the issue of liability were manifestly erroneous.
In addition to the uncontradicted testimony referred to by the trial judge, our careful review of the record reveals several other uncontradicted facts: (1) the truck slid at least 300 feet before turning over and coming to rest in the ditch; (2) the truck had no mechanical defects; (3) the tires on the vehicle were not worn and were not more than “a few months” old; and, (4) defendant was intoxicated when arrested, approximately 17 minutes after the accident.
Appellants argue that the trial court’s determination that the known propensity of the truck to skid on wet pavement when equipped with mudgrip tries constitutes a finding that the truck was defective and unsafe. From this premise, appellants suggest that McBride Builders, Inc., as owner of the truck, is solely responsible for the accident and plaintiff’s injuries. We reject this contention as unsound and totally without merit. We reject the contention that placing mudgrip tires on the rear of a pickup truck has the effect of rendering the vehicle defective and unsafe. Additionally, we do not believe that the learned trial judge so held. Rather, as we understand the trial judge’s oral reasons for judgment, he concluded that a truck equipped with regular road tires has better traction on slick wet surfaces than does a truck equipped with regular road tires on the front and mudgrip tires on the rear; defendant, Sherman, was aware of such fact; and, failed to operate the truck in a reasonably safe manner under the circumstances.
It is abundantly clear from the record that the sole cause of the accident was Sherman’s actions and/or reactions to the prevailing conditions at the time of the accident: the traffic preceding him; the weather and road conditions, and, the known handling characteristics of the vehicle he was operating. The record is devoid of any other possible explanation for the accident. It is immaterial whether the accident occurred because Sherman was intoxicated, travelling too fast for prevailing conditions, following too close, failed to maintain control of his vehicle, or a combination of these factors. The fact remains that the record clearly establishes that it was the negligence of the driver, Sherman, which was the sole cause of the accident and reasonable men, in the exercise of fair judgment, could not possibly conclude otherwise.
In their last assignment of error, appellants raise the issue: Did the trial court err in ordering a new trial on the issue of damages alone? Their principal argument in support of this assignment is that the trial judge failed to address the element of causation in its oral reasons granting the judgment notwithstanding the verdict in favor of plaintiff. The trial court’s order rendered pursuant to its written reasons, in pertinent part, reads:
"... Having considered the argument of counsel and the briefs submitted in support thereof, the Court finding that the defendant, Walter D. Sherman, was solely at fault in causing the accident in question, that there is no genuine issue of fact and that reasonable minds could not arrive at a contrary finding on the issue of fault, and for reasons orally assigned:
*734 IT IS ORDERED that plaintiffs Motion for Judgment Notwithstanding The Verdict be and it is hereby granted and that plaintiff is hereby granted a new. trial on the issue of damages.”
Appellants suggest that the finding by the trial judge that defendant, Sherman, “was solely at fault in causing the accident” does no more than establish that defendant was negligent, i.e., that he failed to exercise the degree of care demanded by the circumstances. Appellants suggest that our codal negligence scheme requires a finding of three elements: fault, causation and damages. We agree.
In the trial on the issue of damages “ plaintiff must prove his [damages] before he is allowed to recover and in order to prove his case it is necessary that the plaintiff prove each and every element of the damages claimed”. Carroll v. State Farm Ins. Co., 427 So.2d 24, 27 (La.App. 3rd Cir.1983). “The burden of proving the existence of damages and the causal connection between them and the delictual act rests with the plaintiff. Such proof must be shown by a preponderance of the evidence.” Meyers v. Imperial Cas. Indem. Co., 451 So.2d 649, 658 (La.App. 3rd Cir.1984); see also, Richard v. Walgreen’s Louisiana Co., 476 So.2d 1150 (La.App. 3rd Cir.1985).
We agree with appellants that in the new trial which has been granted, plaintiff must establish by a preponderance of the evidence not only the damages which he sustained but their causal connexity with Sherman’s delictual act. We do not understand that the trial court intended to order otherwise.
For the above and foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellants.
AFFIRMED.

. It necessarily follows that if the trial court did not err in granting plaintiffs motion for a judgment notwithstanding the verdict, it did not err in refusing appellants’ motion for a directed verdict.