# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-211


PHILLIP BRUCE JACKSON

VERSUS

SAFEWAY INSURANCE COMPANY
OF LOUISIANA, ET AL.


**********


APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2003-4613-B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE


**********


## ELIZABETH A. PICKETT
## JUDGE


**********


Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.


**AFFIRMED.**


**Kerry L. Spruill**
**Attorney at Law**
**P.O. Box 977**
**Marksville, LA 71351**
**(318) 240-7510**
**Counsel for Plaintiff/Appellee:**
      **Phillip Bruce Jackson**

**Ray F. Lucas, III**
**Attorney at Law**
**P. O. Box 4305**
**Lafayette, LA 70502-4305**
**(337) 232-1604**
**Counsel for Defendants/Appellants:**
      **Safeway Ins. Co. of Louisiana**
      **Russell Lee Mouton**

**PICKETT, Judge.**

## FACTS

This case arises from an automobile accident that occurred on April 4, 2002. On that date, Phillip Bruce Jackson was a guest passenger in a vehicle being driven by Carl K. Harris. Their vehicle was struck by a vehicle being operated by Russell Lee Mouton. At the time of the accident, Mr. Mouton's vehicle was insured by Safeway Insurance Company of Louisiana (Safeway). Mr. Jackson sustained personal injuries as a result of the accident.

Mr. Jackson filed a Petition for Damages naming Mr. Mouton and Safeway as defendants. A trial on the merits was held on October 24, 2003. The parties entered into a stipulation whereby liability was fully assessed to the defendants. The only issues presented at trial were the nature and extent of Mr. Jackson's injuries and the amount of damages to which he is entitled.

At the conclusion of the trial, the trial court issued oral reasons for ruling. The trial court awarded Mr. Jackson $10,000.00 in damages. A judgment was signed on November 6, 2003. It is from this judgment the defendants appeal.

## ASSIGNMENTS OF ERROR

The appellants set forth three assignments of error:

1) The trial court erred in not finding Philip Bruce Jackson failed to mitigate his damages.

2) The trial court erred in finding a causal connection between Phillip Bruce Jackson's subjective complaints and the April 4, 2002 automobile accident.

3) The trial court erred in awarding $10,000.00 in damages to Philip Bruce Jackson.

## DISCUSSION

The first two assignments of error relate to findings of fact by the trial court which are reviewed by this court under the manifest error standard of review. An appellate court cannot set aside the findings of fact by the trial court unless those findings are clearly wrong or manifestly erroneous. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). An appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. *Lyons v. Bechtel Corp.*, 00-0364 (La.App. 3 Cir. 12/27/00), 788 So.2d 34, *writ denied*, 01-282 (La 3/23/01), 787 So.2d 996.

The appellants argue that the plaintiff failed to carry his burden of proof by establishing it is more probable than not that his subjective complaints were related to the accident at issue.

The Louisiana Supreme Court discussed the plaintiff's burden of proof on the issue of causation in the personal injury case *Maranto v. Goodyear Tire & Rubber Co.*, 94-2603, 94-2615, p. 3 (La. 2/20/95), 650 So.2d 757, 759:

> In a personal injury suit, plaintiff bears the burden of proving a causal relationship between the injury sustained and the accident which caused the injury. *American Motorist Insurance Co. v. American Rent-All, Inc.*, 579 So.2d 429 (La.1991); *Aucoin v. State Farm Mut. Auto Ins. Co.*, 505 So.2d 993 (La.App. 3d Cir. 1987); *Richard v. Walgreen's Louisiana Co.*, 476 So.2d 1150 (La.App. 3d Cir. 1985). Plaintiff must prove causation by a preponderance of the evidence. *Morris v. Orleans Parish School Bd.*, 553 So.2d 427 (La.1989). The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident. *Mart v. Hill*, 505 So.2d 1120 (La.1987); *Villavaso v. State Farm Mut. Auto Ins. Co.*, 424 So.2d 536 (La.App. 4th Cir. 1982).

At the trial, the plaintiff testified that:

> He started feeling pain in his lower back and in his neck about two days after the accident. He testified that, while in the military, he was required to lift equipment weighing 300 pounds which caused him to

suffer back pain but that the pain stopped when he was discharged in 1994. The plaintiff testified that he treated the back pain from the accident in question with over-the-counter medication such as Extra Strength Tylenol. According to the plaintiff, the neck pain went away after a couple of months but the back pain still persisted after June 2002. The plaintiff continued to self-treat the back pain with heating pads, rest, and by not lifting. The plaintiff testified that as a result of the back pain, he can only sit in one particular position for thirty minutes at a time.

On February 25, 2003, the plaintiff went to the emergency room at Bunkie General Hospital to seek treatment for his back pain. X-rays were performed which showed some straightening of the normal lordotic curve. He was given Naprosyn, Vicodin, and a heating pad, and was referred to his physician, Dr. Donald L. Hines. The plaintiff saw Dr. Hines the next day. Dr. Hines diagnosed the plaintiff with a soft tissue injury and prescribed anti-inflammatory medication. The plaintiff was seen by a nurse practitioner, Mary Ellen Hood, when he returned to the clinic again on March 14, 2003. He complained of back pain at this visit. Ms. Hood prescribed Bextra for two weeks. The plaintiff returned to the clinic on May 1, 2003, with continued complaints of back pain. He requested an MRI be performed if the pain persisted. Ms. Hood prescribed Darvocet, a non-narcotic pain reliever. The plaintiff's last visit was on August 15, 2003. At this time he stated the back pain was gone. Ms. Hood advised the plaintiff to continue taking muscle relaxants and apply heat as needed. She prescribed Soma, a muscle relaxant, to take as needed. The plaintiff testified that he did get better after seeing Dr. Hines, but that from time to time he still experiences back pain.

Cynthia Malveaux, the plaintiff's girlfriend, testified that:

[S]he had been dating the plaintiff for the last two years and usually saw him five days a week. Ms. Malveaux testified that the plaintiff sustained back injuries in the accident in question and also had some neck pain following the accident that lasted about three months. She further testified about the discomfort the plaintiff experienced as a result of the pain and his inability to sit for long periods of time, do

outside work, and lift heavy objects.

Whether an accident caused a person's injuries is a question of fact which should not be reversed on appeal absent manifest error. *Mart v. Hill*, 505 So.2d 1120 (La.1987). The plaintiff's evidence was unrefuted. The trial court specifically noted that it found the testimony of the plaintiff and his witnesses to be credible. The trial court determined the accident caused the injuries at issue and the evidence supports that finding. We find no merit in the appellant's argument that the plaintiff failed to prove causation.

We also find no merit in the appellant's argument that Phillip Bruce Jackson failed to mitigate his damages. The accident that caused the plaintiff's neck and back injuries occurred on April 4, 2002. The neck pain resolved itself within a few months, but the back pain persisted. The plaintiff continued to self-treat his back pain by using over-the-counter drugs because he had started working a new shift and did not want to miss work. The plaintiff did not seek professional medical treatment for the back pain until February 25, 2003. When asked whether the delay in treatment would have adversely affected the plaintiff's recovery from this type of injury, Dr. Hines testified as follows:

> I don't think any serious complications resulted because he didn't seek treatment because, you know, people take Aleve and Advil and Tylenol and all of those things all the time, use Ben-Gay and all kind of home remedies and treat, you know, minor and moderate injuries like that at home without any serious side effects or complications.

The record supports that the plaintiff's delay in seeking professional medical treatment was not unreasonable and did not aggravate the injury. This assignment of error is without merit.

In their third assignment of error, the appellants argued the trial court erred in awarding Phillip Bruce Jackson $10,000.00 in damages. A trial court has great

discretion in awarding damages in a personal injury suit. An appellate court should rarely disturb an award of general damages. *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994).

Phillip Bruce Jackson suffered a neck and lower back injury from an auto accident that occurred on April 4, 2002. The neck injury resolved itself within a few months of the accident, but the back pain persisted. As a result of the back injury, the plaintiff has been unable to sit or lie in one position for more than thirty minutes, do outdoor work, or lift anything heavy. He self-treated until he was seen at the emergency room on February 25, 2003. He saw Dr. Hines and followed up with the nurse practitioner until August 2003. Although his back improved, at the time of the trial the plaintiff still occasionally suffered from back pain.

The trial court awarded the plaintiff damages in the amount of $10,000.00, which included the medical expenses of $707.85. The trial court assessed costs to the defendant which included Dr. Hines' deposition fee of $350.00 and $85.95 for the cost of the court reporter.

Considering the evidence, we do not find the trial court abused its discretion in awarding damages of $10,000.00.

The appellee filed an Answer to this appeal on December 17, 2003, seeking damages for a frivolous appeal pursuant to La.Code Civ.P. art. 2164. We decline to award damages for a frivolous appeal in this matter.

**DECREE**

The judgment of the trial court is affirmed in all respects. The appellee's

request for damages pursuant to La.Code Civ.P. art. 2164 is denied.  The costs of this appeal are assessed to the appellant.

**AFFIRMED.**